**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-521 (1) |
| | § | C.A. No. C-08-317 |
| CHRISTOPHER HELM, | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND
ORDER REQUIRING SUPPLEMENTAL BRIEFING**

Pending before the Court is Christopher Helm's ("Helm") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 46.)[1] Also before the Court is the government's response, which moves for the dismissal of Helm's motion. (D.E. 49, 50.) On April 18, 2008, Helm filed a reply (D.E. 51), which the Court has also considered.

For the reasons set forth herein, the Court orders the parties to submit additional briefing on the issues specified herein. Each party may also file a response to the brief of the other party, if desired. The briefing schedule is set forth at the conclusion of this Order.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

**II. BACKGROUND**

**A.    Facts of the Offense[2]**

On June 5, 2006, a Corpus Christi Police Officer and a Nueces County Sheriff's

---

[1] Unless otherwise noted, docket entry references are to the criminal case, Cr. No. C-06-521.

[2] Unless otherwise noted, the facts of the offense as set forth herein are derived from Paragraphs 4 through 8 of the Presentence Investigation Report ("PSR").

Deputy responded to a possible burglary in progress at a hotel located on Interstate 37. The officer and deputy were advised that a male subject was trying to push a female subject through a motel room window. While walking the grounds, the officer and deputy located Helm and a female. The female stated that she had been trying to enter a motel room through the window.

The deputy approached Helm in an attempt to conduct a pat down for safety reasons at which time Helm grabbed the deputy's hand in an attempt to prevent the pat down. Helm began to resist the deputy at which time the officer assisted the deputy in taking Helm to the ground. The female began to leave the scene and the officer ordered her to stop. The officer continued to assist the deputy because Helm continued to resist by kicking the deputy and attempting to roll on his right side. After Helm was subdued, the officer realized the female had fled the scene. A search of Helm revealed a .25 caliber pistol in his pants pocket. The magazine was loaded and a bullet was chambered.

The deputy stayed with Helm and the officer began looking for the female. The officer could not locate her in the hallways and Helm advised the officer that she might be in room #2206 with a friend. The officer contacted another female at that room, and the woman who had fled the scene was located inside the room.

The officer and deputy were led to room #2019, which had been rented by the female accompanying Helm, in order to conduct a search. Inside, they found numerous pieces of drug paraphernalia as well as stolen electronic equipment, including three hard drives, a laptop computer, a monitor, a DVD player, a camcorder, a speaker and a digital camera.

According to the case agent, no rooms at the hotel were found to have been burglarized.

Investigation revealed that the firearm Helm possessed had not been reported as stolen, and that it was manufactured outside the State of Texas after 1898. Additionally, Helm had multiple prior felony convictions in Nueces County, Texas.

**B.     Criminal Proceedings**

On July 26, 2006, Helm was charged in a single-count indictment with possessing a firearm after having previously been convicted of a felony, in violation of 922(g)(1) and 924(a)(2). (D.E. 10.) On August 28, 2006, he pleaded guilty. (See August 28, 2006 Minute Entries.) There was no written plea agreement. Helm was represented at his rearraignment by Assistant Federal Public Defender Jose Gonzalez-Falla. The Court later granted the Federal Public Defender's motion to withdraw and attorney Timothy J. McCoy was substituted as appointed counsel for Helm. (D.E. 19; 20.) McCoy represented Helm both at sentencing and on appeal. (See D.E. 28; D.E. 37 (district court order appointing McCoy as appellate counsel); see also generally docket sheet in United States v. Helm, No. 07-40091 (5th Cir.) (listing Timothy McCoy as Helm's counsel of record).)

The Court ordered that a Presentence Investigation Report ("PSR") be prepared. (D.E. 16, 17.) The PSR found that Helm was an armed career criminal under the provisions of 18 U.S.C. § 924(e) and thus calculated his base offense level at 33. After a three-level reduction for acceptance of responsibility, the total offense level was determined to be 30. Without the armed career criminal enhancement, his total offense level would have been 17. (PSR at ¶¶ 13-22.)

The determination that Helm qualified as an armed career criminal was based on three prior convictions for violent felonies, including two convictions for burglary of a building and one for burglary of a habitation. (PSR at ¶¶ 20; 29-31.)  Helm's criminal history also included scored convictions for driving while intoxicated and unlawful carrying of a weapon (brass knuckles), as well as unscored convictions for criminal trespass and possession of marijuana. (PSR at ¶¶ 27-34.) His total criminal history points was determined to be 11, and his criminal history category was V.  (PSR at ¶ 34.) Helm's guideline range for the offense was 180 to 188 months. (PSR at 59.)

On January 18, 2007, the Court sentenced Helm to the low end of the advisory guideline range, 180 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term, and also imposed a $100 special assessment. (D.E. 28, 30.) Judgment was entered against him on January 19, 2007. (D.E. 30.)

During sentencing, the Court questioned both defense counsel and the Assistant United States Attorney, as well as the United States Probation Officer who authored Helm's PSR, about whether his prior offenses all qualified to render him an armed career criminal. Everyone agreed that they did, and defense counsel cited to the Fifth Circuit decision of United States v. Fuller, 453 F.3d 274 (5th Cir. 2006). (D.E. 36, Sentencing Transcript, at 4-7.)

Helm appealed.  On appeal, Helm argued that the district court erred in sentencing him as an armed career criminal under the Armed Career Criminal Act ("ACCA").  He also argued that § 924(e) of the ACCA violates the due process clause and that his 180-month

4

sentence infringes on his Eighth Amendment rights. The Fifth Circuit addressed each of these arguments, found no error, and affirmed in a per curiam opinion issued on October 2, 2007. (D.E. 45.) Helm did not file a petition for writ of certiorari.

Helm's § 2255 motion and supporting memorandum were received by the Clerk on September 29, 2008. (D.E. 46, 47.) His motion is timely.

### III. MOVANT'S ALLEGATIONS

Helm's § 2255 motion lists three grounds for relief. In his first ground, Helm argues that his counsel was ineffective for failing to argue that his prior state convictions did not qualify as violent felonies. (D.E. 46 at 5.) In his supporting memorandum, the only case he cites to is Taylor v. United States, 495 U.S. 575 (1990). As discussed herein, Taylor set forth the law concerning what constitutes a generic burglary for purposes of sentencing enhancements under the Armed Career Criminal Act ("ACCA"). The Court interprets his claim as challenging the Court's determination that his convictions under the Texas Penal Code § 30.02(a) were properly determined to be violent felonies, as well as alleging that his appointed counsel, Mr. McCoy was constitutionally ineffective for failing to raise the issue, both at sentencing and on appeal.

Helm's second and third grounds are related. Specifically, he contends that his sentencing counsel was ineffective because he failed to argue that the three burglaries were consolidated by the state court. He argues that they should have been scored as a single conviction, not as three separate convictions. Based on this, his argument continues, he is therefore not an armed career criminal. (D.E. 46 at 6, 8.)

5

In its response, the United States contends that Helm has failed to establish deficiency as to Helm's first claim. Specifically, the government argues that Helm's sentencing counsel was not ineffective for failing to anticipate subsequent changes to the law or for failing to challenge the law as it existed at the time of sentencing. Because Helm cannot show deficiency, the United States argues, his ineffective assistance claim fails. The United States does not address any claim that Helm's appellate counsel was ineffective for failing to raise the same challenge.

As to Helm's second and third claims, the United States argues that Helm can establish neither deficiency or prejudice because it was proper to score his three prior burglary convictions separately, even though he was sentenced for all three on the same day.

In his reply, Helm points to various cases from other circuits that he contends should have alerted counsel to the argument that one portion of Texas Penal Code § 30.02(a) was lacking the intent element and therefore not a generic burglary under the ACCA.[3] He also claims that because his sentencing counsel failed to object, "Helm lost out on the opportunity to preserve these issue for appeal." (D.E. 51, Helm's Reply at 3.) The Court also construes his reply as raising the argument that his appellate counsel was deficient for failing to raise this issue on appeal, a claim that was not addressed by the United States. (See D.E. 51, Helm's Reply at 3-4 (arguing that he would have benefitted from these issues if raised on direct appeal; see also D.E. 46 at 11 (Helm arguing that every issue raised in his § 2255

---

[3] This is the Texas burglary statute under which Helm was convicted on all three of his prior burglaries.

motion was being raised for the first time and that they were "not raised in court due to counsel's failure to do so").

## IV.  ANALYSIS

### A.  28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

### B.  Ineffective Assistance of Counsel

#### 1.  General Standards

An ineffective assistance of counsel claim is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984).  United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001).  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial.  Id.  This means that a movant must show that counsel's performance was

outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Helm v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### 2. Counsel's Failure to Challenge the Use of Defendant's Prior Burglary Offenses as Predicate Offenses Under the ACCA.

The statute under which Carter was convicted in the instant case, 18 U.S.C. § 922(g)(1), generally carries a statutory maximum sentence of 10 years. 18 U.S.C. § 924(a)(2). The Armed Career Criminal Act ("ACCA"), however, imposes a higher 15-year statutory minimum for a defendant who has three prior convictions "for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Included in the definition of a violent felony is a "burglary." 18 U.S.C. § 924(e)(2)(B)(ii).

In Shepard v. United States, 544 U.S. 13 (2005) and its predecessor case, Taylor v. United States, 495 U.S. 575 (1990), the sentencing court in each case had been tasked with determining whether a defendant's prior conviction for burglary constituted a "violent felony" under the ACCA. The Taylor Court instructed that a sentencing court should use a categorical approach in making its determination, focusing on the elements of the prior offense rather than on the facts underlying the conviction. See United States v. Garza-Lopez,

8

410 F.3d 268, 273 (5th Cir. 2005) (describing the approach). The enhancement may not be made based solely by how a state labels a crime; instead, the elements of the prior offense must include all the elements of a "generic burglary." That is, under the ACCA, a predicate violent felony for burglary must have at least the following elements, referred to by the Taylor court as "generic burglary": "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Shepard, 544 U.S. at 16-17.

If a state statute does not necessarily include all of the elements of a "generic burglary," then a federal sentencing court may not look to police reports or complaint applications to determine whether a defendant's prior conviction constitutes a conviction for generic burglary under the ACCA. Id. at 16. Instead, the sentencing court is "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Id.

Helm argues that counsel was constitutionally ineffective for failing to challenge the Court's use of his prior burglary offenses as predicate violent felonies under the ACCA. The government implicitly acknowledges that, under the law as it exists ***today,*** Helm's convictions would not qualify as predicate violent felonies. (See D.E. 49 at 10-11.) Specifically, Helm's convictions were pursuant to a Texas burglary statute, Texas Penal Code Section 30.02(a) that criminalize different types of conduct, and the United States acknowledges that the documents in Helm's prior cases do not reflect under which subsection Helm was convicted.

9

This lack of clarity as to the subsection matters because in a recent case, <u>United States v. Constante</u>, 544 F.3d 584 (5th Cir. 2008), the Fifth Circuit held that a prior conviction under one of those subsections – Texas Penal Code Section 30.02(a)(3) – is not a "generic burglary" for purposes of the ACCA. Section 30.02(a)(3) states that a person commits burglary if, without the effective consent of the owner, that person . . . "enters a building or habitation and commits or attempts to commit a felony, theft, or an assault." 544 F.3d at 585 (citing Tex. Penal Code Ann. § 30.02(a)(3)). The <u>Constante</u> court reasoned that the foregoing definition did not constitute generic burglary under <u>Shepard</u> and <u>Taylor</u> because it did not contain the element of entering with intent to commit a crime. 544 F.3d at 587.

The Fifth Circuit had previously held that a burglary conviction under another subsection of the same statute – Section 30.02(a)(1) – constituted a generic burglary for purposes of the ACCA. <u>United States v. Silva</u>, 957 F.2d 157, 162 (5th Cir. 1992);[4] see also <u>United States v. Fuller</u>, 45 F.3d 274 (5th Cir. 2006) ("this court has previously held that convictions under [Texas Penal Code § 30.02] are crimes of violence for the purposes of § 924(e)). Prior to <u>Constante</u>, however, it had never affirmatively stated in a published opinion that a conviction under § 30.02(a)(3) did not constitute a generic burglary. <u>Constante</u>, 544 F.3d at 585.

---

[4] Although the <u>Silva</u> court did not specify which subsection of § 30.02(a) Silva was convicted under, it referred to 30.02(a) as a "generic burglary statute, punishing nonconsensual entry into a building with intent to commit a crime." 957 F.2d at 162. Based on this, the <u>Silva</u> court was vague in its language, simply stating that 30.02(a) had all the elements of a generic burglary statute. This holding was repeated in <u>Fuller</u>, without specific reference to one of the subsections. The <u>Constante</u> court noted, however, that the <u>Silva</u> court could have only been referring to § 30.02(a)(1) because it is the only subsection that includes the element of specific intent. <u>Constante</u>, 544 F.3d at 585-86.)

In Constante, the Court held that the United States failed to carry its burden of proving that the defendant was convicted under a statute that satisfied the Taylor definition of generic burglary where the charging instruments and judgments of the prior burglaries were not clear as to whether defendant's conviction was under Section 30.02(a)(1) or 30.02(a)(3). Constante, 544 F.3d at 587.

Similarly, in this case, the United States acknowledges that the judgments in Helm's prior cases do not reflect under which subsection of 30.02(a) Helm was convicted, and that the Probation Office's file did not contain any charging instruments for those convictions. (D.E. 49 at 11.)  Based on Constante, then, it appears that Helm's burglary convictions would not qualify as predicate convictions under the ACCA, were he being sentenced today.

The Court, however, is tasked in this § 2255 proceeding with deciding a different issue.  This Court must determine whether Helm's counsel was deficient for failing to raise this precise challenge at sentencing or on appeal.

As to the standards governing an attorney's deficiency for failing to raise a legal argument, the Fifth Circuit has held that an attorney is not required to raise every possible non-frivolous argument available, but that he does have an obligation to discover and raise "solid, meritorious arguments based on directly controlling precedent." United States v. Williamson, 183 F.3d 458, 462-63 (5th Cir. 1999). A failure to do so constitutes a failure to provide objectively reasonable assistance, and establishes deficiency.  An attorney is not required, however, "to anticipate subsequent developments in the law." Lucas v. Johnson, 132 F.3d 1069, 1078-79 (5th Cir. 1998).

In this case, Helm was sentenced on January 18, 2007, and the Fifth Circuit affirmed his conviction and sentence on October 2, 2007. As of that date, the Fifth Circuit had not yet decided Constante. The Fifth Circuit had also not yet issued the unpublished decisions of United States v. Castro, 272 Fed. Appx. 385, 386 (5th Cir. 2008) and United States v. Beltran-Ramirez, 266 Fed. Appx. 371, 372 (5th Cir. 2008), both of which specifically concluded that Section 30.02(a)(3) does not satisfy the Taylor definition of a generic burglary because it lacked the requisite element of intent.

Helm's sentencing was also held before the Fifth Circuit issued its published decision in United States v. Herrera-Montes, 490 F.3d 390, 392 (5th Cir. 2007),[5] which held that an identical statute from Tennessee did not constitute a generic burglary, for purposes of the 16-level enhancement under U.S.S.G. § 2L1.2 for defendants who have been deported after having been convicted of a "crime of violence."  Accordingly, ***at the time of Helm's sentencing,*** there was no directly, controlling precedent that counsel could have cited to for the proposition that Helm's prior convictions for burglaries under Texas Penal Code § 30.02(a) did not qualify as predicate offenses under the ACCA.[6] Additionally, Lucas, supra, dictates that a counsel is not ineffective for failing to predict or anticipate subsequent case law. See also United States v. Faubion, 19 F.3d 226 (5th Cir. 1994) (admonishing that

---

[5] Herrera-Montes was decided on June 25, 2007, approximately five months after his sentencing, while Helm's appeal was still pending.

[6] The Court notes, however, that a careful analysis of Silva and Fuller (as was done later by the Constante court), would have supported the argument Helm contends should have been made.

attorneys should not be subjected to unrealistic standards and that, when reviewing a § 2255 motion, "the acuity of hindsight is not [the Court's] proper lens").

In any event, given the foregoing standards as to what constitutes deficient counsel, the Court cannot conclude on the record before it that counsel's failure to raise this argument at sentencing was ineffective assistance of counsel.

The issue of appellate counsel's deficiency, however, is more complicated. Specifically, while Helm's appeal remained pending, the Fifth Circuit decided Herrera-Montes, which interpreted a Tennessee statute that is identical to Texas Penal Code § 30.02(a) in relevant part. See Constante, 544 F.3d at 586. As noted supra at note 4, Herrera-Montes was decided on June 25, 2007, and Helm's appeal was not decided until more than three months later, on October 2, 2007. Moreover, while Helm's initial brief had already been filed at the time Herrera-Montes was decided, the deadline for filing the reply brief had not yet passed. (See Docket Entries dated 6/19/2007 in United States v. Helm, No. 07-40091 (showing that Helm's reply brief was due on July 3, 2007, although it appears that no brief was ever filed).) Thus, the question before the Court is whether Helm's appellate counsel was deficient for failing to raise this issue on appeal and, if so, whether Helm suffered prejudice as a result of this failure. Cf. United States v. Fambro, 526 F.3d 836, 850 (5th Cir. 2008) (declining to address this precise issue when it was raised for the first time in a reply brief and where there was no challenge to the finding that defendant was an armed career criminal in the initial brief, but noting that the court expected the issue of counsel's performance on this issue to be considered in a proceeding under 28 U.S.C. § 2255).

Because the United States has not yet responded to a claim of ineffective assistance of counsel on appeal, however, and because it would be helpful to the Court in ruling on Helm's motion, the Court hereby orders that both parties submit a supplemental brief on the issue of whether Helm received ineffective assistance of counsel on appeal. The United States' brief shall address, in particular, whether it concedes that defendant's counsel was deficient on appeal for failing to raise a challenge based on <u>Herrera-Montes</u>. The parties' supplemental briefs are due not later than thirty days after entry of this Order.

### IV.  CONCLUSION

For the aforementioned reasons, the parties are required to file supplemental briefs addressing the claim that Helm's counsel was constitutionally ineffective on appeal. Such briefs shall be filed not later April 30, 2009. Additionally, the parties shall file any response to the other party's brief not later than May 15, 2009.

It is so ORDERED this 20th day of March, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE