IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-521 |
| | § | C.A. No. C-08-317 |
| CHRISTOPHER HELM, | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE AND ORDER SETTING CASE FOR RE-SENTENCING**

Pending before the Court is Christopher Helm's ("Helm") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 46.)[1] Also before the Court is the government's response, which moves for the dismissal of Helm's motion. (D.E. 49, 50.) On April 18, 2008, Helm filed a reply (D.E. 51), which the Court has also considered. In a March 20, 2009 Order, the Court required supplemental briefing on certain issues. (D.E. 52.) The Court has also considered the parties' supplemental filings (D.E. 53-55), which were filed pursuant to that Order.

After careful consideration of the record and arguments of the parties, the Court concludes that Helm is entitled to relief as to one of his claims in the form of resentencing. The remaining claims in his § 2255 motion are DENIED.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

---

[1] Unless otherwise noted, docket entry references are to the criminal case, Cr. No. C-06-521.

## II. BACKGROUND

The background of this case, including the facts of the offense, the criminal proceedings, and the issues raised by Helm in his motion, was set forth in detail in the Court's prior order (see D.E. 52 at 1-7.)  As noted therein, the Court has construed Helm's § 2255 motion liberally to include the following claims:

1.  Sentencing counsel and appellate counsel were constitutionally ineffective for failing to argue that his prior state convictions under the Texas Penal Code § 30.02(a) did not qualify as violent felonies under the Armed Career Criminal Act ("ACCA");

2.  Sentencing counsel was ineffective for failing to argue that Helm's three prior burglary convictions were consolidated for trial and sentencing purposes; and

3.  Sentencing counsel was ineffective for failing to argue that, based on the "consolidation," Helm's three burglaries should have been scored as a single conviction, not as three separate convictions.  Helm relies on Application Note 3 under § 4A1.2.

## III. ANALYSIS

The legal standards governing Helm's claims, including his ineffective assistance claims, are set forth in the Court's prior order. (See generally D.E. 52.) Familiarity with that Order is assumed and that analysis is incorporated herein.

Turning to the merits of Helm's three claims, the Court concludes that Helm is not entitled to relief as to his second and third grounds for relief.  Both claims are premised on his assertion that his three prior burglaries were "consolidated" and thus should have been scored as a single conviction.  The judgments from those three prior convictions made clear that they occurred on different dates.  Even if they had been "consolidated" by the state court,

2

they would still be scored as three separate convictions under the ACCA. Section 4A1.2 of the Sentencing Guidelines, on which Helm relies, does not determine whether or not a prior conviction is a predicate offense for purposes of the ACCA. Instead, whether or not an offense qualifies as a predicate offense is determined by 18 U.S.C. § 924(e), which provides that the enhanced penalties apply if the defendant "has three previous convictions ... for a violent felony or a serious drug offense, or both, ***committed on occasions different from one another***." (emphasis added)   Thus, his second and third claims are denied.

The Court's prior order addressed Helm's claim that his sentencing counsel was ineffective for failing to challenge the use of his prior burglaries as violent offenses under the ACCA. (D.E. 52 at 8-13.) As noted in that Order, the Court finds that Helm failed to establish his sentencing counsel was deficient for failing to raise this argument, based on the status of the law at the time of sentencing. (D.E. 52 at 13.)

Helm's claim that his ***appellate*** counsel was constitutionally ineffective for failing to challenge the use of his burglary convictions as crimes of violence under the ACCA, however, is more complicated. As noted in the Court's Order requiring supplemental briefing, the United States appears to concede that, if Helm were being sentenced today, his three prior convictions would not qualify as predicate violent felonies. (D.E. 49 at 10-11.) The documents in those prior cases do not reflect which subsection of Texas Penal Code 30.02(a) Helm was convicted under. Pursuant to United States v. Constante, 544 F.3d 584 (5th Cir. 2008), then, they would not qualify as predicate violent felonies. The Court directed the United States to expressly address whether it "concedes that defendant's counsel

3

was deficient on appeal for failing to raise a challenge based on [United States v. ] Herrera-Montes, [490 F.3d 390 (5th Cir. 2007).]"  (D.E. 52 at 14.)

In its supplemental briefing, the United States maintains that Helm is not entitled to relief on any claim of ineffective assistance of appellate counsel.  It offers three basic reasons in support of its position that Helm is not entitled to relief on this claim:

1.	Helm's claim of ineffective assistance of appellate counsel was raised for the first time in his reply and is not properly before the Court. (D.E. 53 at 1-3.)

2.	Counsel was not deficient for failing to raise Herrera-Montes because Herrera-Montes was decided after Helm's initial brief was filed and appellate counsel was prohibited from raising a new issue in a reply brief. (D.E. 53 at 6.)

3.	Even if counsel had successfully sought leave to file a supplemental brief based upon Herrera-Montes, or even if he was deficient, Helm cannot show prejudice because "the issue would have failed on plain-error review." (D.E. 53 at 6.) This is true, according to the United States, because Herrera-Montes was not directly controlling -- it involved a Tennessee statute, not the Texas statute applicable in Helm's case.[2]  The United States cites to United States v. Hull, 160 F.3d 265, 272 (5th Cir. 1998) for the proposition that "where a finding of error requires an extension of precedent, such error is neither clear nor obvious." (D.E. 53 at 6.)

As to the United States' first argument, the Court disagrees that the claim is not properly before it.  Although Helm's initial § 2255 motion did not list as a separate ground

---

[2] As noted by the Constante Court, however, the language of the Texas statute closely tracks the Tennessee statute.

4

for relief that Helm's appellate counsel was deficient for failing to raise this claim, the motion alleged that sentencing counsel should have raised it (D.E. 46 at 4), and also contained an allegation that his § 2255 claims were not raised on appeal because his appellate counsel failed to raise them. (D.E. 46 at 10.) Moreover, the same individual who represented Helm at sentencing, Timothy J. McCoy, represented him on appeal. *Pro se* pleadings are to be construed liberally. United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996). Moreover, the Court gave the United States an opportunity to respond to the issue fully, which it has now done. The claim is properly before the Court.

    The Court also finds the United States' second argument unpersuasive. While the Fifth Circuit does not ordinarily consider issues raised for the first time in a reply brief, the appellate court will nonetheless sometimes decide such an issue, particularly in cases of plain error. United States v. Garcia, 567 F.3d 721, 733 (5th Cir. 2009). Moreover, when a new case has been decided after the filing of a merits brief that gives rise to a previously unraised argument, the Fifth Circuit will consider an argument based on the intervening decision "where the decision provided an important clarification in the law, and refusal to do so would have resulted in perpetuating incorrect law." American Int'l Specialty Lines Ins. Co. v. Res-Care, Inc., 529 F.3d 649, 661 & n.28 (5th Cir. 2008). Moreover, counsel has an obligation to raise "solid, meritorious arguments based on directly controlling precedent." United States v. Williamson, 183 F.3d 458, 462-63 (5th Cir. 1999). As noted by the Fifth Circuit, it would not have been frivolous to argue that Herrera-Montes was a mere application of Taylor and that the principle set forth in that case "predated our explicit elucidation of them." United

States v. David, 291 Fed. Appx. 563, 568 & n.3 (5th Cir. Aug. 19, 2008 ) (order denying counsel's motion to withdraw because non-frivolous issue existed on appeal).

This Court recognizes, of course, that just because an argument is "non-frivolous" does not mean it is a "solid, meritorious argument based on directly controlling precedent." Indeed, in the Davis case cited above, the Fifth Circuit ultimately denied on the merits the argument it had previously deemed non-frivolous and had required counsel to brief. See United States v. Davis, 2009 WL 2195757 (5th Cir. March 31, 2009). Nonetheless, the Court cannot conclude on the current record that Helm has failed to show deficiency.

The United States' third argument against Helm's claim is the one that gives this Court pause, but the Court nonetheless finds it unpersuasive under the specific facts of this case. That is, the United States argues that even if counsel was deficient for failing to raise a claim in the reply brief based on Herrera-Montes, Helm cannot show prejudice. In order to establish prejudice, Helm must show a reasonable probability that the outcome of his appeal would have been different. That is, he must show a reasonable probability that the Fifth Circuit would have reversed this Court's finding that his burglaries qualified as violent felonies under the ACCA, had counsel raised the issue.

In a factually similar, although not identical case to the instant case, the Fifth Circuit refused to consider an argument based on Herrera-Montes because it was first raised in the reply brief. United States v. Fambro, 526 F.3d 836, 850 (5th Cir. 2008). On this point, however, Fambro is distinguishable. Unlike in the instant case, where there was an objection to the ACCA enhancement at sentencing and where there were arguments raised in the initial appellate brief as to why the ACCA should not be applied, in Fambro, "there was no mention

whatsoever in Fambro's initial brief of the specifics of his prior conviction" and his counsel admitted prior to sentencing that the defendant was an armed career criminal. 526 F.3d at 850.

Moreover, the Fambro decision, which was a direct criminal appeal, explicitly noted that it expected a § 2255 motion to address the issues of: (1) whether the defendant had prior convictions that permitted him to be sentenced as an armed career criminal; and (2) whether his counsel's written statements to the district court that defendant was an armed career criminal amounted to ineffective assistance of counsel. Id.

In any event, in order to determine whether there was prejudice, this Court must "counter-factually determine the probable outcome on appeal had counsel raised the argument." United States v. Williamson, 183 F.3d 458, 463 (5th Cir. 1999). To do this, the Court must first determine the standard of review the Fifth Circuit would have used to review the Court's determination that Helms' prior burglaries were violent felonies under the ACCA.

The United States contends that the claim would have been reviewed only for "plain error." Notably, however, the Fifth Circuit's opinion in this case noted that Helm raised an objection at sentencing to being treated as an armed career criminal and thus, contrary to the government's position on appeal, the appellate court reviewed his challenges to the ACCA enhancement de novo. (D.E. 45 at 2 n.1.)  Thus, it is possible that the appellate court might have reviewed de novo an argument based on Herrera-Montes, had it been raised.

Even if the argument had been reviewed for plain error, moreover, it is possible that the Fifth Circuit would have found the error in this case to be plain. As noted in Williamson,

7

plain error can be found so long as an error is "plain" at the time of appellate consideration, even if the law at the time of sentencing was settled and contrary to the law at the time of appeal. Williamson, 183 F.3d at 464. Thus, plain error can be found based on an intervening change in law or on a recent newly announced rule. Id. at 464 n.8 (citing United States v. Jobe, 101 F.3d 1046, 1062 (5th Cir. 1996) and United States v. Knowles, 29 F.3d 947, 951 (5th Cir. 1994).)

In this case, Helm was sentenced to 180 months. Without the armed career criminal enhancement (which the United States concedes should not apply, based on Constante), his total offense level would have been 17, and his advisory guideline range would have been 46-57 months. In Williamson, the Fifth Circuit reversed the district court's denial of the movant's § 2255 claim that his counsel was constitutionally ineffective by failing to raise recent, dispositive precedent that would have resulted in a lower base offense level under the sentencing guidelines. The Williamson court's reasoning resonates in the instant case, as well:

> More fundamentally, leaving Williamson incarcerated for 30 years when he should have been sentenced to no more than 15 under existing precedent, especially when we gave the benefit of the legal rule to others appealing their convictions during that time, seriously would affect the fairness, integrity and public reputation of judicial proceedings by undermining the rule of law.

183 F.3d at 464.

Likewise, leaving Helm incarcerated for 15 years when his proper advisory guideline range pursuant to Herrera-Montes, decided while his appeal was pending, should have been 46 to 57 months, seriously would affect the fairness, integrity and public reputation of

8

judicial proceedings.  Indeed, had his counsel raised the issues raised by the attorney in Constante, filed around the same time as Helm's appeal, it could have been Helm's case that resulted in the holding reached by the Constante court.

Helm need not show with certainty that the Fifth Circuit would have reversed his sentence on appeal, had counsel raised a challenge similar to that raised in Herrera-Montes or Constante on appeal.  He need only show a "reasonable probability" that the result of the appeal would have been different.  The Court finds that Helm has met that burden.

For all of the foregoing reasons, the Court concludes that relief is warranted as to this single claim and that Helm should be resentenced.

## IV. CONCLUSION

For the above-stated reasons, Helm's motion under 28 U.S.C. § 2255 (D.E. 46) is GRANTED IN PART and DENIED IN PART.  Helm shall be resentenced at 2:00 p.m. on Wednesday, September 16, 2009.  Additionally, Helm is entitled to an attorney to represent him at his resentencing.  Because he was determined to be financially eligible for appointed counsel during his criminal proceedings, and his re-sentencing is a continuation of those proceedings, the Court hereby appoints Mr. Ronald Barroso, 5350 S. Staples, Suite 401, Corpus Christi, TX 78411 (361) 994-0069 to represent Helm at his resentencing.  The Clerk shall provide a copy of this Order directly to Mr. Helm, as well as to Mr. Barroso.

It is so ORDERED this 22nd day of August, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE