# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-521 |
| | § | C.A. No. C-08-317 |
| CHRISTOPHER HELM, | § | |
|     Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

## I. BACKGROUND

This Court previously issued a Memorandum and Opinion in which it granted in part Defendant Christopher Helm's ("Helm") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (D.E. 46.)[1]  Specifically, the Court determined that Helm's appellate counsel had rendered ineffective assistance of counsel because he failed to raise an argument based on United States v. Herrera-Montes, 490 F.3d 390 (5th Cir. 2007), which was decided while Helm's appeal was pending.  Pursuant to Herrera-Montes, counsel could have argued that Helm's prior convictions did not qualify as predicate offenses under the Armed Career Criminal Act ("ACCA").  (See D.E. 56.)

In responding to Helm's § 2255 motion, the United States did not contend that Helm's prior burglaries were proper predicate offenses under the ACCA, nor did the United States present any additional evidence to prove it.  Instead, it merely conceded that the evidence presented at Helm's initial sentencing was insufficient to conclude that his prior burglaries

---

[1]  Unless otherwise noted, docket entry references are to the criminal case, Cr. No. C-06-521.

were ACCA predicate offenses, pursuant to <u>United States v. Constante</u>, 544 F.3d 584, 585-86 (5th Cir. 2008).  (D.E. 49 at 10-11.)  Even after the Court ordered the United States to file a supplemental brief addressing the precise issue of whether appellate counsel was ineffective for failing to challenge the use of Helm's burglary convictions as predicate offenses, the United States did not argue or present evidence to show that the burglary convictions in fact qualified as predicate offenses.  (<u>See</u> D.E. 53.)

As the proper remedy for the ineffective assistance of counsel Helm received, the Court set the case for resentencing and appointed counsel to represent Helm. (D.E. 56.)  At the call for sentencing, Helm objected to the United States' supplementation of the record with new evidence -- the indictments in his prior burglary cases -- that support the career offender enhancement.  According to the United States, these indictments (which were not presented to the Court at the first sentencing, on appeal, or in the course of briefing the § 2255 motion) show that Helm's prior burglaries qualify as predicate convictions under the ACCA and thus support his sentencing enhancement under the ACCA.

The Court continued the resentencing and ordered the parties to brief the issue of what evidence it could properly consider at the resentencing, and whether it could consider the indictments.  Both parties have now submitted written briefs on the issue (D.E. 64, 65), which the Court has considered.  For the reasons set forth herein, the Court concludes that it may consider the indictments at Helm's resentencing.

## II.  THE PARTIES' CONTENTIONS

In its filing, the United States first cites to 18 U.S.C. § 3661, which provides that "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."  The government also cites to U.S.S.G. § 6A1.3 and to several cases standing for the proposition that generally, there are not limitations on the information a court may consider in sentencing other than that the information "bear sufficient indicia of reliability to support its probable accuracy."  (D.E. 64 at 2 (citations omitted).)

The United States also relies on two Fifth Circuit cases that held that the Government may provide new evidence or otherwise supplement the record over the objection of the defendant at resentencing after remand**.  (**See D.E. 64 at 2-3 (citing to United States v. Andrade, 570 F.3d 213, 218 n.7 (5th Cir. 2009) and United States v. Martinez-Paramo, 380 F.3d 799, 805 (5th Cir. 2004).)

In his filing, Helm argues that he should be resentenced based on the Court's prior Memorandum Opinion and Order and that the Court should not allow the United States' "new" evidence.  He contends essentially that the United States should be barred from introducing such evidence because it conceded that the documentation before the Court at the original sentencing would not support the career offender enhancement and is bound by that concession.  Helm appears to be arguing either that the United States has waived its right to introduce the evidence by failing to introduce it sooner in the direct criminal appeal or

3

during the primary § 2255 briefing, or that the United States should be equitably estopped from introducing the evidence because it failed to do so sooner.  Helm also faults the United States for failing either to object to the Court's prior ruling or to seek reconsideration of it.

Finally, Helm argues that the <u>Andrade</u> and <u>Martinez-Paramo</u> cases, both cited by the United States, are inapposite because they were both direct criminal appeals in which the appellate court remanded for resentencing. Here, by contrast, the Court has granted a resentencing as relief for Defendant's ineffective assistance of counsel claim.  According to Defendant, this matters because, in this case, the United States had several prior opportunities to provide to the Court the information it now wants to use.  Helm contends that allowing the evidence now "would send a message that due diligence is not necessary nor is evidence required to be timely."  (D.E. 65 at 5.)

### III.  ANALYSIS

The issue before the Court is whether, during resentencing in § 2255 proceedings, the United States may introduce evidence that was previously available but not introduced.  The Fifth Circuit does not appear to have addressed this precise issue.  Indeed, in <u>United States v. Daugherty</u>, 438 F.3d 445 (2006), the Fifth Circuit expressly declined to address "an issue of first impression":  whether, when a defect results in a resentencing in § 2255 proceedings, the government may present new evidence at resentencing to cure the defect.  438 F.3d at 446.

As Helm does, the defendant in  <u>Daugherty</u> argued that allowing the government to introduce evidence that it failed to present at the original sentencing allowed the government

a "second bite at the apple." Id. at 447.  Ultimately, the appellate court found it unnecessary to resolve the novel issue, because it found that certain language in the plea agreement justified the introduction of the new evidence. Id.  The Fifth Circuit noted that, "[b]ut for the valid plea agreement in this case Daugherty's arguments might have more merit." Id.

In a footnote, however, the Daugherty Court referred to the Seventh Circuit's decision in Dahler v. United States, 143 F.3d 1084 (7th Cir. 1998), which rejected similar arguments by the defendant before it. Id. at 447 n.5.  The Daugherty Court characterized Dahler as reasoning that to prevent the government from introducing otherwise valid evidence despite its failure to do so at the initial sentencing, "would result in a windfall to the defendant." Id.  The Daugherty footnote describing Dahler concluded by stating: "Thus even were there no plea agreement in this case, the outcome might be the same." Id.  Thus, the Fifth Circuit expressed ambivalence about the proper result in the precise scenario facing this Court.

The Fifth Circuit's legal conclusions in similar situations, however, lead this Court to conclude that it has the ability to consider the indictments presented by the United States. In particular, the cases cited by the United States confirm that, when resentencing on remand, this Court is free to consider evidence not previously introduced, even evidence that should have been. See Andrade, supra; Martinez-Paramo, supra.

United States v. Benbrook is also instructive.  119 F.3d 338 (5th Cir. 1997).  In that case, the district court found that the defendant's § 2255 challenge to his firearm conviction and sentence was meritorious and vacated that conviction.  The district court resentenced the defendant, however, on his unchallenged underlying drug conviction.  In so doing, the court

5

applied a two-level enhancement for use of a firearm during commission of drug offense under § 2D1.1(b)(1), even though the enhancement had not been applied at the initial sentencing.  On appeal, the Fifth Circuit rejected the defendant's argument that the district court was without authority to resentence him on the drug conviction and further held that the enhancement was properly applied.  119 F.3d at 340-41; cf. Mitchell v. United States, 482 F.2d 289, 297 (5th Cir. 1973) (when proper relief for § 2255 motion was resentencing, the appellate court remanded for resentencing but explicitly stated that it did "not suggest any limitation on the exercise of the district court's discretion as to the duration of a new sentence .... The traditional breadth of the district court's discretion to consider other matters and impose a sentence within statutory limits remains unchanged.")

As noted by Helm, the instant case is procedurally distinguishable (at least from Adrade and Martinez-Paramo) in that the sentencing Court here has ordered resentencing as the appropriate relief under 28 U.S.C. § 2255 for an ineffective assistance of counsel claim, rather than resentencing after a direct appeal.  Nonetheless, the totality of the Fifth Circuit's holdings on this topic lead the Court to conclude that a resentencing is an opportunity to reconsider anew the sentencing decision, including the indictments not previously introduced by the United States.

Nothing in the cases cited by Helm persuades this Court otherwise.  The first case Helm cites, United States v. Herrera-Solorzano, 114 F.3d 48 (5th Cir. 1997) merely stands for the proposition that the United States has the burden to prove that past convictions are sufficient to be used to enhance a sentence.  In that case, the Fifth Circuit remanded for

6

resentencing, but made no mention of what evidence the sentencing court could consider when resentencing the defendant.  Similarly, the other cases cited by Helm for the proposition that the United States cannot utilize the evidence of the indictments unless it demonstrates a valid excuse for failing to produce the evidence previously are not criminal sentencing cases.  (See D.E. 65 at 4 (citing Wallace v. Texas Tech University, 80 F.3d 1042 (5th Cir. 1996) and United States v. 41 Cases, More of Less, 420 F.2d 1126 (5th Cir. 1970). They are not helpful to the Court with regard to the decision it faces.

Finally, the Court agrees with Helm that the United States should have been more diligent in this matter.  In particular, if the United States had obtained and provided the indictments as part of its § 2255 briefing, there may not have even been a need for resentencing.  That is, had the Court had copies of the indictments at the time it ruled on Helm's § 2255 motion, it might have concluded that Helm could not establish the prejudice prong of his ineffective assistance of counsel claim.

Nonetheless, the Court disagrees with Helm that the United States' failure entitles Defendant to a ban on the Court's consideration of legitimate information that could normally be considered at a sentencing.  While Helm's argument that it is inequitable to give the United States two -- or three -- bites at the apple has some appeal, see Daugherty, 438 F.3d at 447, Helm has not provided any authority by the Fifth Circuit so stating, and the Court has found none.  In the absence of any binding precedent forbidding this Court from considering the information, the Court will follow instead the general principles concerning what may be considered at sentencing. See 18 U.S.C. § 3661.

7

For the foregoing reasons, the Court overrules Defendant's objections to the United States' introduction of new evidence concerning his prior convictions.

It is so ORDERED this 25th day of January, 2010.

_____

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE