IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:06-CR-00521 |
| | § | (2:14-CV-266) |
| CHRISTOPHER HELM, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, DENYING A CERTIFICATE OF APPEALABILITY

Pending before the Court is Defendant Christopher Helm's motion to vacate, set aside or correct judgment pursuant to 28 U.S.C. § 2255. D.E. 91. Because it plainly appears from the Court's review of the motion and the record of prior proceedings that Helm is not entitled to any relief, the Court dismisses the motion. Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2014) (2255 Rules). He is also denied a certificate of appealability. For the reasons stated herein, the Court denies Helm's § 2255 motion and denies him a certificate of appealability.

## I.  PROCEDURAL BACKGROUND

Helm was sentenced to 180 months in the Bureau of Prisons in 2007 based upon his guilty plea to the charge of felon in possession of a firearm. D.E. 30. He was sentenced as armed career criminal with a minimum statutory sentence of 15 years. 18 U.S.C. § 924(g). The predicate felonies were three burglaries committed during a two month period in 1994.

D.E. 21, ¶¶ 29, 30, 31.  Helm appealed his sentence to the Fifth Circuit Court of Appeals and the sentence was affirmed. D.E. 45.

Helm timely filed a motion to vacate, set aside or correct sentence in 2008, in which he argued that counsel on appeal was ineffective because he failed to bring to the Fifth Circuit's attention a recent decision that undermined the government's proof of predicate offenses. D.E. 46. This Court granted relief in part, and ordered Helm to be resentenced. D.E. 56. The government obtained additional documentation regarding the three burglaries that confirmed the convictions were pursuant to Texas Penal Code § 30.02(a)(1), which qualified them as predicate offenses for the ACCA. The Court again sentenced Helm to 180 months in the Bureau of Prisons. D.E. 69. Helm appealed. D.E. 71. The Fifth Circuit affirmed. D.E. 88, 89. His petition for writ of certiorari was denied in October 2011.

## II.  MOVANT'S CLAIMS

Helm claims that the 2013 decision in <u>Descamps v. United States</u>, 133 S.Ct. 2276 (2013), which held that courts may not use the modified categorical approach to sentencing under the ACCA when the predicate crime has a single indivisible set of elements applies to his prior burglary convictions. He also claims at least one of his prior burglaries no longer qualifies as a predicate offense. One of Helm's convictions pursuant to Texas Penal Code § 30.02(a)(1) involved the burglary of a mobile home. The Texas statute defines "habitation" to include a vehicle that is adapted for overnight accommodation of persons.  Tex. Penal Code § 30.01(1). Helm argues that because a mobile home is within the definition of habitation and building in the Texas statute, that the statute is broader than the generic

2

burglary statue. He also claims <u>Descamps</u> should be applied retroactively on collateral challenge..

### III.   ANALYSIS

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." <u>United States v. Vaughn</u>, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." <u>United States v. Frady</u>, 456 U.S. 152, 165 (1982).

**B.     Second or Successive**

Helm successfully challenged his original judgment and was resentenced, albeit to the same amount of time, 180 months in the Bureau of Prisons. The Court signed an amended judgment. D.E. 69.

"[W]here the granting of an initial habeas petition results in the issuance of a new, intervening judgment of conviction, 'an application challenging the resulting new judgment is not 'second or successive' within the meaning of the statute." <u>In re Lampton</u>, 667 F.3d

585, 587-88 (5th Cir. 2012).  AEDPA's bar on second or successive petitions only applies to a later-in-time petition that challenges the same . . .judgment as an earlier-in-time petition." Id. "[A] subsequent motion is 'second or successive' when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). Because Helm's § 2255 motion challenges his amended judgment and relies on application of the 2013 decision in Descamps, the Court finds that his motion is not second or successive.

## C.    Statute of Limitations § 2255

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[1] 28 U.S.C. § 2255(f). The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking direct review of a conviction has expired. Clay v. United States, 537 U.S. 522 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

---

[1]   The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

4

Helm's amended judgment conviction became final on October 7, 2011, the day his petition for writ of certiorari was denied. D.E. 90. Helm's deadline to file his motion to vacate expired a year later on October 7, 2012. He did not file his § 2255 motion until June 18, 2014, 1 year and 241 days past the one year deadline and nearly a year after the decision in Descamps. His § 2255 motion is therefore time barred unless an exception applies.

Subsection 2255(f)(3) provides an alternative date for limitations, "(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of– . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id.

Helm claims that because Descamps was decided within this past year that his motion is timely. For § 2255(f)(3) to apply, the Supreme Court must have specifically held that a newly recognized right applies retroactively to cases on collateral review. Tyler v. Cain, 533 U.S. 656, 662–63 (2001); see also In re Sparks, 657 F.3d 258, 260 (5th Cir. 2011).

Descamps was decided on direct appeal. Id. at 2282. There is nothing in the Court's opinion or in subsequent cases that applies Descamps retroactively. See United States Groves, 2014 WL 2766171 at *4 (7th Cir., June 19, 2014) ("To date, the Supreme Court has not made Descamps retroactive on collateral review."). None of the lower courts that have considered Descamps have found that it applied retroactively. See Joiner v. United States, 2014 WL 1369596 at *2 & n.1 (W.D. Tex., Apr. 7, 2014 (collecting cases).

5

Absent retroactive effect, the statute of limitations for Helm's claim is not expanded by § 2255(f)(3). Because Helm's § 2255 motion is barred by limitations, this Court does not reach the merits of Helm's claim.

## IV.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Helm has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253©) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. The Court finds that Helm cannot establish at least one of the Slack criteria. Accordingly, he is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the foregoing reasons, Helm's motion to vacate, set aside or correct judgment

(D.E. 91) is DENIED as untimely, and he is DENIED a Certificate of Appealability.

It is so ORDERED this  14th day of July, 2014.

_Hayden Head_
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE

7