United States District Court
Southern District of Texas
**ENTERED**
February 18, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:06-CR-00521 |
| | § | (2:14-CV-266) |
| CHRISTOPHER HELM, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING RULE 60(B) MOTION AND DENYING A CERTIFICATE OF APPEALABILITY

Defendant Christopher Helm filed a Rule 60(b) motion seeking relief from this Court's denial of his motion to vacate, set aside or correct judgment pursuant to 28 U.S.C. § 2255. D.E. 94. The government filed a response. D.E. 98. The procedural history of this case is detailed in this Court's previous Order dated July 14, 2014, and is not repeated. D.E. 92. For the reasons stated herein, the Court denies Helm's Rule 60(b) motion and denies him a certificate of appealability.

### RULE 60(B)

The Federal Rules of Civil Procedure apply to federal habeas petitions "only to the extent that [they are] not inconsistent with applicable federal statues and rules." Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts (2014). Rule 60(b) allows the district court to relieve a party of an adverse judgment on certain conditions. Helm claims that this Court committed both procedural and legal error when it dismissed his previous motion to vacate, set-aside or correct sentence.

A defendant bringing a Rule 60(b) motion may run afoul of the prohibition on second or successive habeas motions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). It is only when a Rule 60 motion attacks "some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Id.*

Helm claims that this Court erred procedurally by not conducting its own retroactivity analysis of *Descamps* before determining that his filing was barred by limitations. He claims that other courts have found *Descamps* to be retroactively applicable and if *Descamps* is retroactively applicable, this Court would have then reached the merits of his claim.

After this Court ruled on Helm's previous motion, the Fifth Circuit, whose precedent is binding on this Court, has ruled in multiple opinions that *Descamps* does not apply retroactively and has rejected applications to file second or successive motions on that basis. *See In re Rhine*, 590 Fed. App'x. 422, 423 (5th Cir. Jan. 14, 2015 ) (per curiam) (designated unpublished) (cases cited therein);[1] *In re Rosemond*, 590 Fed. App'x. 423, 424 (5th Cir. Jan. 14, 2015 ) (per curiam) (designated unpublished); *In re Johnson*, 590 Fed. App'x. 424, 425 (5th Cir. Jan. 14, 2015 ) (per curiam) (designated unpublished). Additionally, other courts

---

[1] "*In re Jackson* makes clear that '[w]hen a movant relies on a new rule of constitutional law to make the showing required under § 2255(h)(2), he must point to a Supreme Court decision that either expressly declares the collateral availability of the rule (such as by holding or stating that the particular rule upon which the petitioner seeks to rely is retroactively available on collateral review) or applies the rule in a collateral proceeding." 776 F.3d 292, 296 (5th Cir. Jan. 8, 2015) (per curiam) (quoting *In re Smith*, 142 F.3d 832, 835 (5th Cir. 1998), and citing *In re Tatum*, 233 F.3d 857, 859 (5th Cir. 2000)(per curiam)). . . . Likewise, *Descamps* has not been made retroactively applicable to cases on collateral review and 'does not provide a basis for [Rhine's] successive § 2255 motion.'" *Id.* (citing *In re Jackson*, ––– F.3d at ––––, 2015 WL 127370, at *3)).

within the Southern District have not found that *Descamps* applies retroactively for limitations purposes. *United States v. McGee*, H-04-CR-067-1, 2014 WL 2434186 at *3-4 (S.D. Tex. May 27, 2014); *United States v. Chapman*, 21 F. Supp.3d 839, 844 (S.D. Tex. 2014). Accordingly to the extent that Helm claimed a procedural error in this Court's prior ruling, the limitations issue has been decided against Helm's position by the Fifth Circuit and by other courts within this district.

Furthermore, *Descamps* decided a procedural issue that is inapplicable to Helm. Helm complains that his burglary convictions should not be considered violent felonies. *Descamps* held that the use of the modified categorical approach to an indivisible statute is inappropriate. But the Texas burglary statute is a divisible statute that defines burglary in multiple ways. *See* Tex. Penal Code § 30.02.*Descamps* is simply inapplicable.

Any substantive claim Helm made is barred as second or successive to his 2014 motion to vacate, set-aside or correct judgment (D.E. 91). Before filing a second or successive motion, Helm was required to obtain permission to do so from the Fifth Circuit Court of Appeals. In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

>(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Helm's motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, this Court does not have jurisdiction over the motion. Accordingly, Helm's Rule 60(b) motion (D.E. 94) is DENIED as second or successive.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). An appeal from the denial of a Rule 59(e) or Rule 60 motion requires a certificate of appealability in all but very narrow circumstances. *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) ("We therefore hold . . .that a COA is not required to appeal the denial of a Rule 60(b) motion . . . only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief."). Although Helm has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or

deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that Helm cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## CONCLUSION

For the foregoing reasons, Helm's Rule 60(b) motion (D.E. 94) is DENIED and he is DENIED a Certificate of Appealability.

ORDERED this 16th day of February 2016.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE

6